07-CR-00397-INFO

FILED ___ ENTERED
LODGED ___ RECEIVED

NOV 28 2007

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, )
          Plaintiff,       )   NO. CR07 0397 RSL
                           )
     v.                    )
                           )   INFORMATION
TOLAN S. FURUSHO,          )   (FELONY)
          Defendant.       )

The United States Attorney Alleges that:

## COUNT 1

### (CONSPIRACY TO COMMIT SECURITIES FRAUD)

At all times relevant to this Indictment:

### The Conspiracy

1. Beginning in or about May 2006 and continuing through about June 2006, within the Western District of Washington and elsewhere, TOLAN S. FURUSHO and other persons known and unknown to the United States Attorney, knowingly agreed to commit Securities Fraud in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240.10b-5.

### Background

2. <u>Restricted stock</u> was stock that could not legally be sold under the federal securities laws, until it was registered with the SEC or met an exemption from registration. Restricted stock is normally marked with a restrictive legend by the

INFORMATION - 1
U.S. v. Tolan Furusho

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

company's transfer agent, which assists in issuing and cancelling stock certificates and in recording changes of ownership.

3. "Freely tradable" stock was stock that was issued without a restrictive legend, which could be sold to the investing public. Before removing a restrictive legend, a transfer agent typically required an opinion letter from an attorney stating that the stock complied with an exemption from the registration requirements.

4. America Asia Energy Corporation ("America Asia Energy") was a publicly traded Washington corporation, whose stock was quoted on the Pink Sheets, and which purported to be a developmental stage company based in Salt Lake City, Utah, that was in the business of developing coal mining properties in Wyoming.

5. TOLAN S. FURUSHO, resided in Bellevue, Washington; was an attorney licensed to practice in the State of Washington; and was the registered agent for Nordic Minerals Corp., which owned the majority of America Asia Energy's outstanding shares of stock.

### The Manner and Means of the Conspiracy

6. It was part of the conspiracy that FURUSHO, at the request of coconspirators, would provide an attorney opinion letter to coconspirators for America Asia Energy falsely stating that the stock complied with an exemption from the registration requirements, when, in truth and in fact, FURUSHO failed to conduct any "due diligence" to verify this fact, and the stock did not comply with any such exemption.

7. It was further part of the conspiracy that FURUSHO would provide the opinion letter for America Asia Energy to a transfer agent, who would rely on FURUSHO's opinion letter to re-issue restricted shares of America Asia Energy stock as freely tradable stock.

INFORMATION - 2
U.S. v. Tolan Furusho

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

## Overt Acts

During and in furtherance of the conspiracy, FURUSHO, and other persons known and unknown to the United States Attorney, committed, and caused to be committed, one or more of the following overt acts:

8. On or about May 9, 2006, FURUSHO signed an opinion letter drafted by a coconspirator and sent it interstate via facsimile to America Asia Energy's transfer agent; represented in the opinion letter that the transfer agent could remove the restrictive legends on the shares of America Asia Energy stock that had been issued to coconspirators because the stock met an exemption from registration; and falsely indicated that he had been furnished with, and had examined, "all such records of the Company, agreements and other instruments, certificates of officers and representatives of the Company, certificates of public officials, and other documents . . . deemed . . . necessary . . . as a basis for the opinions;" and that he had reviewed "documents and representation letters provided by the Shareholder and the broker involved in this transaction."

9. On or about May 9, 2006, FURUSHO and other coconspirators, pursuant to FURUSHO's opinion letter, caused America Asia Energy's transfer agent to issue 17,390,000 freely tradable shares of America Asia Energy stock.

10. Between on or about June 6, 2006, and June 8, 2006, FURUSHO, by virtue of having issued his opinion letter, and other coconspirators caused 487,800 freely tradable shares of America Asia Energy stock to be sold for a total of approximately $88,326.

All in violation of Title 18, United States Code, Section 371.

## **FORFEITURE**

11. With respect to the conspiracy offense alleged in Count 1 of this Information, FURUSHO, upon conviction shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 982(a)(3), all property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds

INFORMATION - 3
U.S. v. Tolan Furusho

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

traceable to the commission of the offense, including but not limited to a sum of money equal to approximately $88,326 in United States currency, representing the amount of proceeds obtained as a result of the Conspiracy offense for which FURUSHO and any subsequently charged coconspirators are jointly and severally liable.

12. If any of the property described above subject to forfeiture as a result of any act or omission of the defendants:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third person;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982 (b)(1), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All in accordance with Title 18, United States Code, Section 982(a)(7).

## COUNTS 2 THROUGH 3

### (WILLFUL FAILURE TO FILE FEDERAL INCOME TAX RETURNS)

On or about each of the dates listed below, within the Western District of Washington and elsewhere, TOLAN S. FURUSHO had, and received, gross income substantially in excess of the minimum filing requirements in the approximate amounts listed below, and by reason of such gross income was required by law, following the close of each calendar year and on or before the tax return due date of the following year, to make an income tax return to the Director of the Internal Revenue Service Center, at Ogden, Utah, or other proper officer of the United States, stating specifically the items of gross income and any deductions and credits to which he was entitled, and, knowing this,

INFORMATION - 4
U.S. v. Tolan Furusho

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

willfully failed to file an income tax return for the years indicated below:

| Count | Defendant | Tax Year | Tax Return Due Date | Gross Income Filing Requirement | Minimum Gross Income Earned |
|---|---|---|---|---|---|
| 2 | TOLAN S. FURUSHO | 2004 | 4/15/2005 | $7,950 (individual) | $146,000 |
| 3 | TOLAN S. FURUSHO | 2005 | 4/17/2006 | $8,200 (individual) | $37,000 |

All in violation of Title 26, United States Code, Section 7203.

DATED this 28th day of November, 2007.

_____
JEFFREY C. SULLIVAN
United States Attorney

_____
CARL BLACKSTONE
Assistant United States Attorney

_____
JAMES M. LORD
Assistant United States Attorney

INFORMATION - 5
U.S. v. Tolan Furusho

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970