Judge Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                       )<br>            Plaintiff,                )<br>                                       )<br>       v.                              )<br>                                       )<br> TOLAN FURUSHO,                        )<br>                                       )<br>            Defendant.                 )<br> _____) | NO.  CR07-397RAJ<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

The United States of America, by and through Jeffrey Sullivan, United States Attorney for the Western District of Washington, James M. Lord, Assistant United States Attorney and Robert Kondrat, Special Assistant United States Attorney for said District, respectfully files this sentencing memorandum.

## I. THE OFFENSE CONDUCT

**A. The Guilty Plea**

Tolan Furusho has entered a plea of guilty to Conspiracy to Commit Securities Fraud and to two counts of Failure to File Federal Income Tax Returns (for the years 2004 and 2005).  Tolan Furusho was an attorney licensed to practice in the State of Washington who specialized in securities law matters.  At the request of codefendant Beverlee Kamerling, he served as the registered agent and as an officer and director of several publicly traded companies.

In his Plea Agreement, Furusho admitted that he allowed Kamerling to use his law office name in her e-mail address and to have stock certificates sent to his law office.

GOV'S SENTENCING MEMORANDUM — 1
TOLAN FURUSHO
CR07-397RAJ

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Furusho further admitted that on or about May 9, 2006, he signed an opinion letter drafted by Kamerling and sent it interstate via facsimile to America Asia Energy's transfer agent. Furusho represented in the opinion letter that the transfer agent could remove the restrictive legends on the shares of America Asia Energy stock that had been issued to coconspirators because the stock met an exemption from registration; and falsely indicated that he had been furnished with, and had examined, "all such records of the Company, agreements and other instruments, certificates of officers and representatives of the Company, certificates of public officials, and other documents . . . deemed . . . necessary . . . as a basis for the opinions"; and that he had reviewed "documents and representation letters provided by the Shareholder and the broker involved in this transaction." Furusho admitted that he knew at the time he signed the letter that he had a legal obligation to conduct a "due diligence" review of supporting documentation before signing the letter, but had agreed with Kamerling to sign the letter without conducting any such due diligence. Relying on Furusho's opinion letter, America Asia Energy's transfer agent issued freely tradable shares of America Asia Energy stock to Joel Ramsden's nominee shareholders.

**B. Background and Role in the Scheme**

Beginning in approximately 2003 and continuing through at least 2006, Furusho worked with Kamerling on numerous "shell" deals involving numerous publicly traded companies and private companies that Kamerling was attempting to take public.[1] In relation to these deals, Furusho allowed Kamerling to use his firm's name in her e-mail address. Although she was never employed by Furusho, Kamerling primarily used the e-mail address of furusholawoffice@aol.com, which gave the appearance to others that

---

[1] Furusho had previously defended Kamerling in connection with her prior SEC litigation.

GOV'S SENTENCING MEMORANDUM — 2
TOLAN FURUSHO
CR07-397RAJ

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

she was a representative of Furusho's law firm.  Intercepted calls show that Kamerling also held herself out as a paralegal working for Furusho.[2]

With respect to at least some of the shell deals (including Coattec, Detex, and Global Gaming), Furusho agreed to serve as the registered agent for the company. Furusho also served briefly as the Secretary of Coattec.  Most significantly, Furusho, in his capacity as a licensed attorney, signed numerous "opinion letters" for Kamerling (including for issuances of America Asia Energy and Coattec stock), which were provided to the transfer agents for those companies (an entity that assists in issuing and cancelling stock certificates).  The transfer agents, relying on Furusho's opinion letters (which opined that the stock met certain legal exemptions from registration), removed so-called restrictive legends from millions of shares of stock, allowing it to be sold. During one of his interviews with the government, Furusho admitted signing at least 20 percent of the opinion letters without having even reviewed the supporting documentation.[3]  Instead, according to Furusho, he relied entirely upon representations made to him by Kamerling in issuing the opinion letters.  According to Furusho, Kamerling (who Furusho knew was not a lawyer) would usually e-mail Furusho a draft opinion letter which he would then review and sign.  In doing so, Furusho abused his role as a lawyer and gatekeeper to detect and prevent fraud in the marketplace, and played a vital role in Kamerling's scheme.[4]  Without Furusho, the scheme had no chance of succeeding since a key ingredient was freeing up restricted shares of stock so it could be

---

[2] In intercepted calls made to Marketwire (a company that disseminates press releases), Kamerling attempted to send out a Detex press release and stated "This is Beverlee over at Tolan Furusho's office" and in another call with Marketwire, stated: "we're the law office that -- that represents the company."  In another intercepted call, Kamerling told another individual: "I work under Tolan's license . . . . And so we have attorney/client privilege."

[3] During another interview, Furusho stated that he usually did not see any documents when signing an opinion letter for Kamerling because documents were not provided to him unless he specifically requested them.

[4] As Kamerling noted in an intercepted call: "You know, in this world you gotta have a good lawyer, a good accountant and a good transfer agent.  Otherwise, don't . . . don't even be in the business.  Because they won't do you any favors.  If the Commission [Securities and Exchange Commission] comes marching, they're gonna roll over and not hide anything, you know."

GOV'S SENTENCING MEMORANDUM — 3
TOLAN FURUSHO
CR07-397RAJ

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

sold immediately. Absent this component, the coconspirators would have had to wait two years prior to selling their shares, which would have frustrated the motive for their scheme--making a quick profit.

Furusho also permitted Kamerling to use his client trust account[5] and checking account to facilitate her "shell" deals. According to seized e-mails, Kamerling directed others, including codefendant Joel Ramsden, to send money to accounts in Furusho's name, including his trust account. Records obtained in the investigation show that Joel Ramsden caused wire transfers to be sent from his offshore account in the Turks and Caicos and from other accounts held in the names of nominees to Furusho's attorney trust account. For example, in March 2005, as part of the purchase of a shell corporation by Joel Ramsden and his coconspirators, $145,000 was paid into Furusho's trust account. At the direction of Kamerling, Furusho transferred a portion of these funds to his checking account, and then wrote a $10,000 check to Associated Services of Washington (one of Kamerling's business names) and a $25,000 check to Northwest Corporate Services (another one of Kamerling's business names). Significantly, Furusho paid over $250,000 from his accounts to Kamerling, Kamerling's mother, or one of the two companies controlled by Kamerling (Associated Services of Washington and Northwest Corporate Services). At Kamerling's direction, Furusho also made payments to Kamerling's landlord, and made other payments to the business of another individual, who used the funds to pay off Kamerling's American Express bill.

Furusho clearly profited from his relationship with Kamerling. According to Furusho, approximately 50% of his income was derived from shell deals involving Kamerling, who paid him a fee of $5,000 per deal, plus an additional $500 for each opinion letter. Furusho further admitted having received "loans" from Kamerling totaling between $8,000 and $10,000 (which he did not repay) and stated that Kamerling would

---

[5] The day of the search at Kamerling's residence, a civil seizure warrant was issued for all funds held in the name of Furusho's IOLTA trust account, and approximately $270,000 was seized.

GOV'S SENTENCING MEMORANDUM — 4
TOLAN FURUSHO
CR07-397RAJ

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

occasionally pay his phone bill.  As part of his plea, Furusho admitted that he received more than $180,000 in gross income between 2004 and 2005, but did not file tax returns for those years.  During interviews, Furusho further admitted to having not filed a tax return for at least five years, and to having failed to withhold employment taxes from his office assistant's salary.

The evidence strongly suggests that Furusho also agreed to help Kamerling remove documents from her residence during the execution of the search warrant.  On June 28, 2006, Kamerling caused $210,000 to be wired into Furusho's trust account from an account in the Bahamas in relation to a shell deal involving Monarch Holdings, Inc.  Then, the very next day, during the execution of the search warrant at Kamerling's residence, Kamerling made a series of calls to Furusho, and asked him to drive to her residence to help her remove documents from her residence.  During one such call while the agents were searching her residence, Kamerling whispered to Furusho: "I'm particularly concerned about the one that we're ready to close," and added "I gotta keep all that information."  In another call to Furusho's office assistant, Kamerling stated: "we gotta get that last transaction closed" and whispered to her "And that's what I want you take back to your office."  Following these calls, Furusho drove to Kamerling's residence, but was denied entry by the agents executing the warrant.  Having been denied entry to the residence by the agents, Furusho left the residence, and later called Kamerling to complain about the FBI, stating:  "F--- the FBI . . . f--- this shit."

## II. THE SENTENCING GUIDELINE RANGE

Based on Furusho's issuance of the fraudulent opinion letter for America Asia Energy, his overall role in the conspiracy to commit securities fraud, and his failure to file tax returns, the government concurs with the following sentencing guideline calculations as set forth in the Amended Presentence Report:

GOV'S SENTENCING MEMORANDUM — 5
TOLAN FURUSHO
CR07-397RAJ

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

occasionally pay his phone bill.  As part of his plea, Furusho admitted that he received more than $180,000 in gross income between 2004 and 2005, but did not file tax returns for those years.  During interviews, Furusho further admitted to having not filed a tax return for at least five years, and to having failed to withhold employment taxes from his office assistant's salary.

The evidence strongly suggests that Furusho also agreed to help Kamerling remove documents from her residence during the execution of the search warrant.  On June 28, 2006, Kamerling caused $210,000 to be wired into Furusho's trust account from an account in the Bahamas in relation to a shell deal involving Monarch Holdings, Inc.  Then, the very next day, during the execution of the search warrant at Kamerling's residence, Kamerling made a series of calls to Furusho, and asked him to drive to her residence to help her remove documents from her residence.  During one such call while the agents were searching her residence, Kamerling whispered to Furusho: "I'm particularly concerned about the one that we're ready to close," and added "I gotta keep all that information."  In another call to Furusho's office assistant, Kamerling stated: "we gotta get that last transaction closed" and whispered to her "And that's what I want you take back to your office."  Following these calls, Furusho drove to Kamerling's residence, but was denied entry by the agents executing the warrant.  Having been denied entry to the residence by the agents, Furusho left the residence, and later called Kamerling to complain about the FBI, stating:  "F--- the FBI . . . f--- this shit."

## II. THE SENTENCING GUIDELINE RANGE

Based on Furusho's issuance of the fraudulent opinion letter for America Asia Energy, his overall role in the conspiracy to commit securities fraud, and his failure to file tax returns, the government concurs with the following sentencing guideline calculations as set forth in the Amended Presentence Report:

GOV'S SENTENCING MEMORANDUM — 5
TOLAN FURUSHO
CR07-397RAJ

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

    **a.**    **Conspiracy to Commit Securities Fraud**

    (1)    A base offense level of 6, pursuant to USSG Section 2B1.1(a)(2);[6]

    (2)    A two-level upward adjustment for more than 10 victims;

    (3)    A two-level upward adjustment for the offense involving sophisticated means;[7] and

    (4)    A two-level upward adjustment for abuse of a position of trust and use of a special skill.

Thus, the adjusted offense level for the securities fraud conspiracy count is a Level 12.[8]

    **b.**    **Tax counts**

An adjusted offense level of 14 based on a tax loss amount of $36,600.00 (20% of the combined gross income for tax years 2004 and 2005 of $183,000).

    **c.**    **Total offense level**

Under the grouping rules, two levels are added to the higher adjusted offense level of 14 (the tax counts), resulting in an adjusted offense level of 16. Assuming the Court finds that Furusho has accepted responsibility for his conduct, he would receive a three-

---

[6] In the plea agreement, the parties had originally agreed on a loss amount range of $70,000 to $120,000 (based on the stock sales proceeds), but additional analysis showed that the actual loss to investors from the sale of America Asia Energy stock was $3,015.59 based on 13 victims. The number of victims and the loss would have been much higher, but for the fact that a grand jury subpoena was served on Furusho seeking records relating to America Asia Energy. Subsequent to the service of this subpoena, the conspirators agreed to halt trading in America Asia Energy stock. The loss amount also does not include losses from any of the other companies named in the Indictment, including Coattec for which Furusho issued an opinion letter. The loss amount for Coattec was approximately $1.8 million.

[7] The scheme, which involved the use of offshore bank and brokerage accounts, overseas nominee shareholders, nominee officers and directors, at least four different publicly traded companies, and elaborate methods of concealment, clearly was sophisticated. See USSG Section 2B1.1(b)(9)(C) (sophisticated means is defined as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense. . . . Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means.").

[8] Because the adjusted offense level for the tax counts exceeds that for the securities fraud conspiracy count, the Court need not decide whether all of the recommended upward adjustments under the fraud guidelines apply.

GOV'S SENTENCING MEMORANDUM — 6
TOLAN FURUSHO
CR07-397RAJ

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

level reduction, bringing his total offense level to 13. Furusho is in Criminal History Category I, so he faces a sentencing guideline range of 12 to 18 months imprisonment.

### III. THE GOVERNMENT'S SENTENCING RECOMMENDATION

Taking into account all of the sentencing factors under Title 18, United States Code, Section 3553(1), as detailed in the Presentence Report and in this memorandum, including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to afford adequate, specific and general deterrence, the government recommends a mid-range sentence of 15 months imprisonment. Such a sentence is necessary to adequately reflect the seriousness of the offenses to which defendant pled guilty (including both the securities fraud conspiracy and his failure to file tax returns offenses), to adequately punish him for his role in those offenses, and to send the right deterrent message. A lesser sentence would fail to adequately address these sentencing factors, particularly since Furusho abused his position of trust as a securities attorney and gatekeeper in the marketplace.

While Furusho's plea included a cooperation agreement and he was interviewed on several occasions, he has not provided substantial assistance to the government in its investigation and prosecution of Kamerling and her codefendants. Consequently, we have not filed a substantial assistance motion pursuant to Section 5K1.1 of the sentencing guidelines. Although prior to entry of his guilty plea Furusho voluntarily provided about a dozen non-immunized in-person and telephone interviews and consented to the search of his law office,[9] his cooperation did not result in substantial assistance to the government. Furusho's statements are replete with inconsistencies, since he contradicted himself on key topics. In other instances, he completely retracted prior statements. For example, in March 2007, Furusho told investigators that Kamerling had created board meeting minutes for meetings that never took place, that this was done to create a paper

---

[9] Furusho later stated that one of the reasons he consented to the search of his office was that he knew he had not produced documents responsive to the grand jury subpoena that he had earlier received.

GOV'S SENTENCING MEMORANDUM — 7
TOLAN FURUSHO
CR07-397RAJ

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

trail, that Kamerling may have done it as many as a dozen times, and that Kamerling signed Furusho's name to those minutes. Furusho further stated that the purported resignation of Kamerling's boyfriend was backdated to make it appear that he had resigned before a grand jury subpoena was served, and that Furusho had discussed the backdating with Kamerling. However, after the interview, Furusho and Kamerling traveled to Alberta, Canada, to testify as part of a hearing being conducted by the Alberta Securities Commission.[10] Following this hearing, Furusho was again interviewed in Seattle. While Furusho claimed during that interview that he and Kamerling had not discussed the grand jury investigation during their trip, Furusho began to recant some of his prior statements.[11] Furusho stated that he had not spoken with Kamerling concerning her boyfriend's backdated resignation. Furusho also stated that he was now unsure if Kamerling had fabricated board of director meeting minutes in the past, and that if Kamerling had created false minutes, he would not know about it.

Moreover, in early interviews (when he was still continuing to do business with Kamerling), Furusho minimized what he knew about Kamerling's efforts to conceal her activities, which required the government to conduct follow-up interviews with him. In the early interviews, Furusho indicated that he did not know why Kamerling's mother was listed as the person behind her business names (Northwest Corporate Services and Associated Services of Washington), that he didn't know if Alexander was used as a director to evade Kamerling's officer and director bar, and that he would be "surprised" if Kamerling were using Alexander for that purpose. However, Furusho admitted in a

---

[10] In October 2007, the Alberta Securities Commission found that Furusho and Kamerling had unlawfully sold stock to Alberta residents, ordered each to pay $75,000 in administrative penalties and costs, and ordered that Furusho be banned from the Alberta capital markets for ten years, and that Kamerling be permanently banned. In conjunction with that order, the Alberta Securities Commission found that Kamerling and Furusho each "poses a serious risk of future harm to Alberta investors if their future access to the Alberta capital market is not severely curtailed." In its decision, the ASC noted that "Furusho and Kamerling worked as a team," and concluded "neither Furusho nor Kamerling recognize the serious of his or her misconduct . . . . Their attempts to minimize their roles . . . were not persuasive."

[11] Furusho stated in a later interview that Kamerling may have purchased airlines tickets for him to travel to Alberta.

GOV'S SENTENCING MEMORANDUM — 8
TOLAN FURUSHO
CR07-397RAJ

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

subsequent interview that he knew Kamerling was using his mother and son as nominees to conceal Kamerling's involvement and to circumvent the court order that prohibited her from serving as an officer or director of a public company.

Due to Furusho's minimization, inconsistencies, and retractions, the government concluded that it was not in a position to call Furusho as a witness at trial. Moreover, although the government produced Furusho's interview reports (which contained the internal inconsistencies) in an initial round of discovery to counsel for all codefendants, no defendants entered guilty pleas in response to this production.[12] Regardless, the government has factored into its sentencing recommendation the fact that Furusho met with the government on many occasions and did provide some truthful information (not amounting to substantial assistance). The government also has factored into its sentencing recommendation Furusho's disbarment from the practice of law.

In his statement to the Court, Furusho attempts to paint a picture of a man who committed a single errant act while in Hawaii for his mother's funeral, stating in his acceptance statement : "I was fully aware that I should not have been conducting business while in Hawaii tending to my mother's funeral and my family," and states that "he is guilty of not doing my due diligence by reviewing the records of America Asia Corp." Arguably, this statement does not qualify Furusho for "acceptance of responsibility," since he fails to admit that he knowingly violated the securities laws, and fails to show any remorse for his conduct.[13] At a minimum, it depicts a man who has yet to accept full responsibility for his conduct.

Further evidence of his lack of rehabilitation and contrition are his inconsistent statements to the probation officer and pretrial services officer concerning his present employment and source of income. As set forth in the Pretrial Services Status

---

[12] It was not until after a cooperating codefendant pled guilty and his statements were produced that any other codefendants pled guilty. Even then, Beverlee Kamerling and Nicholas Alexander did not enter their pleas until well after Joel Ramsden had cooperated and pled guilty and his statements were produced in discovery.

[13] Should the Court determine that Furusho has failed to accept responsibility, his guideline range would be 21-27 months.

GOV'S SENTENCING MEMORANDUM — 9
TOLAN FURUSHO
CR07-397RAJ

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Memorandum, on June 19, 2009, Furusho disclosed to pretrial services for the first time that he was working as a contractor for, and had received income from, Wealth Structures, Inc., an online company based in Las Vegas, Nevada. Furusho had previously failed to report this employment or source of income on his monthly reports filed with Pretrial Services. Moreover, whereas Furusho told Pretrial Services that he was simply performing "data entry work" for Wealth Structures, Inc., he told the Probation Office that he was setting up trusts for the company, receiving $500 per trust, and averaging between four to five trusts per month. Of course, this raises further serious questions about whether he may have been engaged in the practice of law without a license.[14]

In addition to a term of imprisonment of 15 months, the Court should impose three years of supervised release with all of the conditions of release recommended by the Probation Office, including the drug testing condition (since Furusho has admitted to weekly use of marijuana and used it as recently as December 2007). In addition, Furusho should be ordered to pay restitution to victims of the securities fraud conspiracy in the amount of $3,015.59, and restitution to the Internal Revenue Service of $36,600.[15] Moreover, the government recommends that Furusho be ordered to pay a fine. The sentencing guideline fine range for Furusho is $3,000 to $30,000. The statutory maximum fine is $250,000. As outlined in the Presentence Report, Furusho's lifestyle indicates that he has the ability to pay a fine, and the government believes that a fine of at least $3,000 is appropriate in this case. As noted in the Presentence Report, Furusho "appears to have a positive monthly cash flow and the ability to earn a good living in the future." According to the Presentence Report, Furusho owns a Porsche and a BMW, and pays $2,600 per month in rent.

---

[14] The unauthorized practice of law is a crime in Washington. See Revised Code of Washington (RCW) 2.48.180.

[15] As part of a separate civil forfeiture matter, Furusho previously forfeited $235,000 in funds to the government. As part of a settlement of that lawsuit, an additional $17,216.28 was deposited in escrow with the U.S. Marshals Service to be applied to the criminal restitution award. Consequently, these funds will be applied towards the outstanding restitution balance of $39,615.59.

GOV'S SENTENCING MEMORANDUM — 10
TOLAN FURUSHO
CR07-397RAJ

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## IV. WAIVER OF APPEAL

In the Plea Agreement, Furusho waived his right to appeal his sentence so long as the Court imposes a sentence within or below the guideline range determined to be applicable by the Court. Assuming such a sentence is imposed, the Court should *not* advise Furusho that he has the right to appeal his sentence.

## V. CONCLUSION

For the foregoing reasons, the United States recommends that the Court sentence Furusho to 15 months imprisonment followed by a term of three years of supervised release, and impose total restitution of $39,615.59, and a fine of at least $3,000.

DATED this 24th day of June, 2009.

Respectfully submitted,

JEFFREY C. SULLIVAN
United States Attorney

s/ James M. Lord
JAMES M. LORD
Assistant United States Attorney
United States Attorney's Office
WSBA #33683
700 Stewart Street, Suite 5220
Seattle, Washington 98101-3903
Facsimile: 206-553-4440
Phone: 206-553-2389
E-mail: Jim.Lord@usdoj.gov

s/ Robert Kondrat
ROBERT KONDRAT
Special Assistant United States Attorney
United States Attorney's Office
WSBA #31994
700 Stewart Street, Suite 5220
Seattle, Washington 98101-3903
Facsimile: 360-902-0524
Phone: 360-902-0503
E-mail: rkondrat@dfi.wa.gov

GOV'S SENTENCING MEMORANDUM — 11
TOLAN FURUSHO
CR07-397RAJ

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant.

                              *s/ Kathleen M. McElroy*
                              KATHLEEN M. McELROY
                              Paralegal Specialist
                              United States Attorney's Office
                              700 Stewart, Suite 5220
                              Seattle, Washington 98101-1271
                              Phone:    206-553-7970
                              Fax:      206-553-0755
                              E-mail:   Katie.McElroy@usdoj.gov

GOV'S SENTENCING MEMORANDUM — 12
TOLAN FURUSHO
CR07-397RAJ

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970