The Honorable Richard Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br><br><br>TOLAN FURUSHO,<br><br>                Defendant. | No. CR 07-397RAJ<br><br><br>DEFENDANT'S SENTENCING<br>MEMORANDUM |

## I. INTRODUCTION

On November 28, 2007, Mr. Furusho waived his right to be charged by indictment and plead guilty to one count of Conspiracy to Commit Securities Fraud and two counts of Willful Failure to File Federal Income Tax Returns. Mr. Furusho now comes before this Court for sentencing.

## II. BACKGROUND

Mr. Furusho is a thirty nine year-old man. As the Presentence Report (PSR) indicates, Mr. Furusho comes before the court with no prior criminal history, an exemplary educational

DEFENDANT'S SENTENCING MEMORANDUM

CR07-00397-RAJ -1

**HWB - ESQ.** **PLLC**
PO BOX 13085
Mill Creek, WA 98082
Telephone: 206.890.2795

resume, strong family and community ties, no significant history of drug or alcohol abuse, and the ability in the future to clearly reestablish his otherwise law abiding, and productive life.

### III. SENTENCE DETERMINATION

#### A. Advisory Nature of Guidelines and Required Statutory Considerations

On January 12, 2005, the United States Supreme Court issued an opinion in *United States v. Booker*, 125 S.Ct. 738 (2005), holding that the mandatory application of the federal sentencing guidelines was unconstitutional. In light of *Booker*, the guidelines are now advisory in their use, and while the Court should still consider them, other factors as outlined in 18 U.S.C. §3553(a), are as important--if not more so--in the fashioning of a sentence that is sufficient, but not greater than necessary. The standard of review for the appropriateness of a sentence is "reasonableness." *See Booker*, 766, and *United States v. Davis*, 2005 U.S. App. LEXIS 23647 (9th Cir. 2005).

The "parsimony principle" of §3553(a) requires that a sentencing judge assign a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing. These purposes include just punishment, deterrence, public protection, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. §3553(a)(2)(D).

Additionally, 18 U.S.C. §3661, and 18 U.S.C. §3582(a) are of as vital in their guidance to the court as §3553(a). Section 3661 specifies that "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Section 3582(a) reminds the Court "that imprisonment is not an appropriate means of promoting correction and rehabilitation."

DEFENDANT'S SENTENCING MEMORANDUM

CR07-00397-RAJ -2

HWB - ESQ. PLLC
PO BOX 13085
Mill Creek, WA 98082
Telephone: 206.774.0845

Federal courts are required to consider the six mandatory sentencing factors set forth in 18 U.S.C. §3553(a). These six factors are:

1. The nature and circumstances of the offense;
2. The history and characteristics of the defendant;
3. The seriousness of the offense, respect for the law, and a just punishment;
4. Adequate deterrence;
5. Protection of the public; and
6. Rehabilitation of the defendant.

As a result of the Supreme Court's remedial holding in *United States v. Booker*, the advisory Sentencing Guideline range can now be considered a seventh sentencing factor that must be considered. "[W]hile the Guidelines remain important, they are now just one of the numerous factors that a district court must consider when sentencing a defendant." *United States v. McBride*, No. 04-4347, at *5 (6th Cir. Jan. 17, 2006), *See e.g.*, *United States v. Webb*, 403 F.3d 373 (6th Cir. 2005). Calculation of the appropriate guideline sentence is only the first step in sentencing decisions under *Booker*, for the court must also consider the §3553(a) factors before making the ultimate decision. *United States v. Haack*, 403 F.3d 997, 1002-03 (8th Cir. 2005). "In contrast to the sentencing scheme before *Booker* when a sentence outside the mandatory guideline range was permitted only on very limited grounds, there are now more sentencing variables." *See e.g., United States v. Mickelson*, No. 05-2324, –F.3d – (8th Cir. Jan. 6 2006). Framing the issue as one about 'departures' has been rendered obsolete. It is now clear post-*Booker,* what is at stake is the *reasonableness* of the sentence, not the *correctness* of the 'departures' as measured against pre-Booker decisions. *See McBride at *6.* quoting *United States v. Johnson*, 427 F.3d 423, 426 (7th Cir. 2005).

Section 1B1.3 of the U.S.S.G. provides for district courts to consider certain relevant conduct under the guise of sentencing accountability. This section allows the court to consider

DEFENDANT'S SENTENCING MEMORANDUM

CR07-00397-RAJ -3

HWB - ESQ. PLLC
PO BOX 13085
Mill Creek, WA 98082
Telephone: 206.774.0845

"all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant. In addition, in cases of jointly undertaken criminal activity—such as the conspiracy charged in the instant offense--the court may consider all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity."

Section 6A1.3(a) of the U.S.S.G. states; "When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor.  In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."

The burden of proof established in any sentencing evidentiary hearing is a preponderance of the evidence. See *United States v. Warwick*, 149 Fed. Appx. 464 (6th Cir. Tenn. 2005)("It is true that the Government must prove by a preponderance of the evidence [ ] facts supporting (post-Booker, advisory) sentencing enhancements…)

Additionally in respect to Stipulations that may be contained in a plea agreement Federal Rules of Criminal Procedure 11(c)(1)(A),(B), and (C) set out the three types of plea agreements that the government and a defendant may enter into.  Based on the record before this court it is clear that the parties entered into a plea agreement that is non-binding on the district court, pursuant to FRCP 11(c)(1)(B).

The Ninth Circuit Court of Appeals has previously held that under such a non-binding plea agreement the district court need not accept any stipulation contained therein. See *U.S. v. Cain,* 134 F.3d 1345 (9th Cir., 1998)(agreement in plea agreement regarding loss amount in

DEFENDANT'S SENTENCING MEMORANDUM

CR07-00397-RAJ -4

HWB - ESQ. PLLC
PO BOX 13085
Mill Creek, WA  98082
Telephone:  206.774.0845

mail fraud case not binding on Court); *U.S. v. Zweber,* 913 F.2d 705, 708 (9th Cir. 1990) (A stipulation and recommendation in a plea agreement does not bind the court); *United States v. Graibe*, 946 F.2d 1428 (9th Cir. 1991) (district court may reject recommendations or requests made in plea agreements when the agreement is not of the type which explicitly binds the court to either accept or reject the plea). "Rule 11 was amended, and the 'amendment makes it clear that this type of agreement is not binding on the court.' Fed. R. Crim. Pro. 11 Advisory Committee Notes to 1999 Amendments, Subdivision (e)." U.S. v. Gutierrez-Silva, 353 F.3d 819, 823 (9th Cir. 2003). See also U.S. v. Gamma Tech Indus., Inc, 265 F.3d 917, 925 (9th Cir. 2001). "The district court's interpretation of a plea agreement is a finding of fact and is reviewed for clear error." U.S. v. Floyd, 1 F.3d 867, 869 (9th. Cir. 1993), citing U.S. v. Read, 778 F.2d 1437, 1441 (9th Cir. 1985), cert. denied, 479 U.S. 835, 107 S. Ct. 131 (1986).

The sentencing guidelines also unequivocally establish the non-binding nature of plea agreement stipulations. United States Sentencing Guidelines, § 6B1.4, Stipulations (Policy Statement) states:

> (a) A plea agreement may be accompanied by a written stipulation of facts relevant to sentencing. Except to the extent that a party may be privileged not to disclose certain information, stipulations shall:
> (1) set forth the relevant facts and circumstances of the actual offense conduct and offender characteristics;
> (2) not contain misleading facts; and
> (3) set forth with meaningful specificity the reasons why the sentencing range resulting from the proposed agreement is appropriate.
> (b) To the extent that the parties disagree about any facts relevant to sentencing, the stipulation shall identify the facts that are in dispute.
> (c) A district court may, by local rule, identify categories of cases for which the parties are authorized to make the required stipulation orally, on the record, at the time the plea agreement is offered.
> (d) The court is not bound by the stipulation, but may with the aid of the presentence report, determine the facts relevant to sentencing.

U.S.S.G, § 6B1.4.

DEFENDANT'S SENTENCING MEMORANDUM

CR07-00397-RAJ -5

HWB - ESQ. PLLC
PO BOX 13085
Mill Creek, WA 98082
Telephone: 206.774.0845

In *U.S. v. Howard,* 894 F.2d 1085 (9th Cir. 1990), the Ninth Circuit held that "when a court determines the factual basis for a sentence it is not obligated to accept the truth of the stipulation but should 'consider the stipulation, together with the results of the presentence investigation, and any other relevant information." *Howard,* at 1089 n.2.

### B.    Agreed Guidelines Adjustments

In the plea agreement entered between Mr. Furusho and the Government certain "stipulated" guideline adjustments were agreed upon.[1] (1) The first stipulation was to a base offense level of six. (2) The second an eight level upward adjustment pursuant to §2B1.1(b)(1)(E), for a loss between $70,000 and $120,000. (3) The third stipulation was a two level upwards adjustment for abuse of a position of trust and use of a special skill. (4) The last stipulation was that the parties "agree that no other upward or downward adjustments to the Defendant's base offense level are applicable, except for a possible two-level upward adjustment, pursuant to USSG Section 2B1.1(b)(9)(C), for the offense involving sophisticated

---

[1] **It should be noted that the plea agreement was in fact finalized and entered into between Mr. Furusho personally and the attorney for the United States, James Lord with little if any input as to the final version from Mr. Furusho's attorney at the time John Wolfe. Although not a trial proceeding issues related to the holding in *Faretta v. California,* 422 U.S. 806 (1975), as to a defendant's ability to competently represent himself at trial may be a significant issue in regards to the circumstances under which the plea agreement was entered into and the stipulations made. In Faretta the Supreme Court found that before representing himself, the accused must knowingly and intelligently waive his constitutional right to the assistance of counsel. Therefore, "he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Id.* at 835, 95 S.Ct. 2525. This principle was echoed in *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) wherein the Supreme Court held that whether a waiver of counsel was knowing and intelligent turns on "the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Edwards at 482.***

DEFENDANT'S SENTENCING MEMORANDUM

CR07-00397-RAJ -6

HWB - ESQ. PLLC
PO BOX 13085
Mill Creek, WA 98082
Telephone: 206.774.0845

means, and a possible two to six-level upward adjustment pursuant to USSG Section 2B1.1(b0(2) based on the number of victims.

The government has informed defendant that based on these stipulations any deviation by the defense in its sentencing presentation to the Court may be deemed a breach of the plea agreement and thereby allow the government to seek withdrawal of the agreement and proceed to trial of the defendant.

However, pursuant to §6B1.4, it is the defense's contention that Section (a)(2) requires that misleading facts be pointed out to the Court, although there is no contesting that the stipulations were negotiated, entered into and agreed upon between Mr. Furusho—personally—and Mr. Lord who has been an AUSA for about twenty (20) years.

As the presentence report shows the second stipulation regarding loss amount was a mistake of fact. This error once discovered was immediately discussed between the parties, and appropriately agreed between the parties to be modified to accurately reflect the actual loss amount, as well as the actual number of victims relating to the Conspiracy count. The PSR therefore was revised—despite the stipulation--to reflect a more accurate loss amount of $3,015.59 instead of the previously stipulated range of $70,000 to $120,000.

There was no stipulation regarding USSG §2B1.1(b)(2)(A), and it is the defenses' contention that a two point upward adjustment over-represents the significance of that guidelines factor in this instance. There were 13 victims identified by the government, which is just four victims over what would otherwise require no adjustment at all. It is the defense contention that it would not be appropriate to add two levels for an upward adjustment that

DEFENDANT'S SENTENCING MEMORANDUM

CR07-00397-RAJ -7

HWB - ESQ. PLLC
PO BOX 13085
Mill Creek, WA 98082
Telephone: 206.774.0845

would be as severe as if there had been up to 49 victims.[2] It is the defenses belief a one (1) level adjustment upward would be sufficient to acknowledge the specific offense characteristic for the indicated amount of victims in the offense.

### C. Statutory and Case Law Basis for Significant Variance from the Advisory Guideline Sentence

#### 1. Pre-Booker Basis for Departure

Even applying the old mandatory guideline analysis for sentencing, the principles set forth by the Supreme Court for departures from the guideline range would clearly allow a significant reduction in this instance. The determination should be based on whether the factor relied upon by the sentencing court was forbidden, encouraged, discouraged, or unmentioned by the Guidelines. *See Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 2045, 235 L.Ed.2d 392 (1996). Of significance in the decision is that the court should depart only if the factor is present to an exceptional degree or somehow made the case different from the ordinary case where the factor was present. *See generally United States v. Cubillos*, 91 F.3d 1342 (9th Cir. 1998); *United States v. Sablan*, 114 F.3d 913, 916 (9th Cir. 1997) (en banc).

In determining whether a departure is warranted under U.S.S.G. § 5K2.0, the sentencing court "may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. § 1B1.4. Except for those factors categorically proscribed by the Sentencing Commission as a basis for departure, e.g., race, sex, and national origin, the Guidelines "place essentially no limit on the number of potential factors that may warrant departure." *United States v. Mendoza*, 121 F.3d 510, 513 (9th Cir. 1997) (*quoting Koon*, 116 S.Ct. at 2050).

---

[2] **USSG §2B1.1(b)(2)(A), applies a 4 level upward adjustment for 50 or more victims**

DEFENDANT'S SENTENCING MEMORANDUM

CR07-00397-RAJ -8

HWB - ESQ. PLLC
PO BOX 13085
Mill Creek, WA 98082
Telephone: 206.774.0845

**2. <u>Permanent Loss of Law License</u>**

The fact that Mr. Furusho stipulated to his permanent disbarment from the practice of law thereby permanently disallowing him his legal career is clearly outside the norm seen by this Court.  This significant loss of primary source of income and career is a direct--and frankly appropriate--sanction for his conduct. By the same token, it should be deemed as such under the guideline analysis and statutory framework of sentencing by this Court.  The significance of this sanction has not otherwise been taken into account by the guidelines. The defense believes a two point adjustment downward would, but for the stated stipulations in the plea agreement be an appropriate consideration by the Court for this otherwise unaccounted for non-judicial sanction directly relating to the offense of conviction.

## V. <u>CONCLUSION</u>

At this time the defense would, respectfully, request that the Court that consider an offense level of 10 to be appropriate.  Based on the indicated factors presented above, Mr. Furusho requests that the Court sentence him to a sentence range of between 6-12 months, followed by all appropriate terms of supervised release and conditions.

DATED this 25th day of June, 2009.

Respectfully submitted,

s/ *<u>Hugh W. Berry</u>*

Hugh W. Berry, WSBA # 23509
**HWB - ESQ.** PLLC
PO BOX 13085
Mill Creek, WA  98082
Telephone:  206.774.0845
Email: hugh@hwb-esq.com

DEFENDANT'S SENTENCING MEMORANDUM

CR07-00397-RAJ -9

**HWB - ESQ.** PLLC
PO BOX 13085
Mill Creek, WA  98082
Telephone:  206.774.0845

### CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following and/or I hereby certify that I have mailed by United States Postal service the document to the following non CM/ECF participant(s):

James Lord
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street
Suite 5220
Seattle, Washington 98101-1271

DATED this 25th day of June, 2009.

                                              Respectfully submitted,

                                              s/ **_Hugh W. Berry_**

                                              Hugh W. Berry, WSBA # 23509

DEFENDANT'S SENTENCING MEMORANDUM

CR07-00397-RAJ -10

**HWB - ESQ.** [PLLC]
PO BOX 13085
Mill Creek, WA  98082
Telephone:  206.774.0845